UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ALLIED WORLD SURPLUS LINES INSURANCE            Civil Action No.:
COMPANY formerly known as DARWIN SELECT
INSURANCE COMPANY as subrogee of 210 BOWERY     **COMPLAINT**
OWNERS, LLC d/b/a ACADIA REALTY LIMITED
PARTNERSHIP,

                                  Plaintiff,

                  -against-

ALBA SERVICES INC., ALBA CONTRACTING CORP.,
ALBA CARTING & DEMOLITION, INC. and GCK
CONSTRUCTION CORPORATION,

                                  Defendants.
---------------------------------------------------------------------X

      Plaintiff, Allied World Surplus Lines Insurance Company formerly known as Darwin Select Insurance Company as subrogee of 210 Bowery Owners, LLC d/b/a 210 Bowery Owners, LLC d/b/a Acadia Realty Limited Partnership, by its counsel, Cozen O'Connor, complaining of Defendants, alleges the following upon information and belief:

## THE PARTIES

      1.    Plaintiff, Allied World Surplus Lines Insurance Company formerly known as Darwin Select Insurance Company (hereinafter "Darwin") is a foreign business corporation duly organized and existing under the laws of the State of Arkansas, with its principal place of business located at 1690 New Britain Avenue, Farmington, Connecticut 06032 and, at all times relevant hereto, was authorized to conduct business in the State of New York, including the issuing of policies of insurance.

      2.    At all times material hereto, the Defendant, Alba Services Inc. was and is a domestic business corporation, duly organized and existing under the laws of the State of New

York, having a principal place of business located at 237 West 35th Street, New York, New York 10001.

3. At all times material hereto, the Defendant, Alba Contracting Corp. was and is a domestic business corporation, duly organized and existing under the laws of the State of New York, having principal places of businesses located at 237 West 35th Street, New York, New York 10001 and/or 2032 Paulding Avenue, Bronx, New York 10462.

4. At all times material hereto, the Defendant, Alba Carting & Demolition, Inc. (hereinafter with the other two Alba Defendants collectively "Alba") was and is a domestic business corporation, duly organized and existing under the laws of the State of New York, having a principal place of business located at 237 West 35th Street, New York, New York 10001.

5. At all times material hereto, Defendants Alba were and are individually, collectively and interchangeably engaged in, inter alia, in the business of working as contractors, which included either performing and/or overseeing other contractors who performed construction, demolition, excavation and/or renovation work.

6. At all times material hereto, the Defendant, GCK Construction Corp. (hereinafter "Subcontractor" or "GCK"), was and is a corporation, duly organized and existing under the laws of the State of New York, having a principal place of business located at 53 Hyatt Avenue, Yonkers, New York 10704.

7. At all times material hereto, Defendant, GCK was and is engaged in, inter alia, the business of working as a contractor, which included, inter alia, performing construction, demolition, excavation and/or renovation work.

## JURISDICTION AND VENUE

8. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of the action.

9. Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## FACTUAL ALLEGATIONS

10. The Plaintiff's subrogor, 210 Bowery Owners, LLC (hereinafter "210 Bowery" or "Plaintiff's Subrogor" or "Plaintiff's Insured") owned the building located at 210 Bowery, New York, New York 10012 (hereinafter the "Subject Premises").

11. The Plaintiff is and was at all times material hereto one of the insurance carriers for 210 Bowery pursuant to the terms and conditions of an insurance policy (hereinafter "Subject Policy"), which policy insured against, *inter alia*, certain losses resulting from any casualty to the Subject Premises during the course of construction.

12. The Defendants were hired to provide, among other things, services related to renovation, demolition and/or excavation work for the project at the Subject Premises.

13. Part of the Defendants' project comprised the demolition and removal of concrete for the elevator pit which is located adjacent to a staircase wall.

14. On or about August 4, 2015, the Defendants by and through their employees and/or agents, were onsite to guide, control, supervise, inspect and perform the operations relating to the demolition and removal of concrete from the Subject Premises.

15. On or about August 4, 2015, while Defendants, by and through their employees and/or agents, removed concrete from the elevator pit, the existing staircase wall located adjacent to the elevator pit collapsed causing damage to the Subject Premises.

16. The Defendants' actions and omissions in the Project thus breached the wall.

17. On or about August 4, 2015 and for a period thereafter, the Subject Premises sustained severe and extensive damage.

18. As a result of the foregoing damage, and pursuant to its obligations under its policy of insurance, Plaintiff having paid its insured for the damages and losses sustained, pursuant to the contractual language of the Subject Policy and equitable principles of subrogation, is entitled to recover the same amount in this action pursuant to its rights of subrogation.

## AS AND FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

19. Plaintiff repeats each and every allegation contained in those paragraphs of the Complaint marked and numbered "1" through "18", inclusive, with the same force and effect as though fully and at length set forth herein.

20. The damages were caused by and resulted from the Defendants' project and work and their respective acts of negligence, carelessness and gross negligence, which consisted specifically of, but is not limited to, the following:

A. carelessly and negligently performing their work and/or providing their services at the Subject Premises;

B. permitting a dangerous and hazardous condition to exist even though Defendants knew, or should have known, that such condition existed and posed a significant risk of harm to Plaintiff's Insured and its property;

C. failing to hire proper and adequate employees;

D. failing to perform their work and/or provide their services at the Subject Premises in conformity with good practice, industry standards and due care;

E. failing to properly warn Plaintiff's Insured of the dangerous conditions which they knew, or should have known existed and creating an unreasonable risk of harm to the property of Plaintiff's Insured;

F. failing to properly and adequately train, supervise and/or inspect the work of their employees;

G. failing to take actions and precautions which would have prevented the damage to the property of Plaintiff's Insured as described;

H. failing to take all precautions necessary under the circumstances to safeguard the Subject Premises from the risk of damage;

I. failing to safeguard all property affected by construction operations;

J. failing to shore up the staircase wall;

K. inadequately reinforcing plywood formwork at the location of the occurrence;

L. otherwise failing to use due care, as may be disclosed during the course of discovery.

21. The damages caused to the Subject Premises were a direct result of negligent and improper engineering and construction practices that Defendants engaged in during demolition, excavation and removal of concrete.

22.     In this instance, no protection was provided for the staircase wall and the structural integrity of such wall was not maintained.

23.     In this regard, the Defendants' actions and practices were also unacceptable and inconsistent with, inter alia, the following industry standards, guidelines and codes:

A)     Section BC 3301 "Safeguards during Construction or Demolition" of the 2008 New York City Building Codes which states, "3301.2 Safety measures and standards. Contractors, construction managers, and subcontractors engaged construction or demolition operations shall institute and maintain all safety measures required by this chapter and provide all equipment or temporary construction necessary to safeguard and the public and property affected by such contractor's operations."

B)     Section 3306.8 "Demolition sequence" of the 2008 New York Building Codes which states, "Any structural member that is being dismembered shall not support any load other than its own weight. No wall, chimney, or other structural part shall be left in such condition that it may collapse or be toppled by wind, vibration or any other cause. The method of removal of any structural member shall not destabilize remaining members. All handling and movement of material or debris shall be controlled such that it will not develop unaccounted impact loads on the structure."

24.     The foregoing acts and/or omissions of the Defendants directly and proximately caused damage to Plaintiff's Subrogor's property, and Plaintiff made payments to its subrogor under the Policy which exceeded Six Hundred Fifty-Two Thousand Seven Hundred Ninety-Five Dollars and 22/100 ($652,795.22).

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
## BREACH OF CONTRACT

25. Plaintiff repeats each and every allegation contained in those paragraphs of the Complaint marked and numbered "1" through "24", inclusive, with the same force and effect as though fully and at length set forth herein.

26. Prior to August 4, 2015, the Defendants entered into contracts to perform and oversee construction, demolition, excavation and/or renovation work to the Subject Property.

27. Pursuant to the aforesaid contracts, the Defendants became contractually obligated to render and perform their services in a good workmanlike manner, and in compliance with all applicable codes, standard and other industry guidelines, so as to avoid creating or failing to correct dangerous and defective conditions existing in and about the areas worked upon by Defendants and/or their employees, agents, subcontractors and workmen.

28. Pursuant to the aforesaid contract, the Defendants became contractually obligated to supervise and inspect their work at the premises, so as to avoid creating or failing to correct dangerous and defective conditions existing in and about the areas worked upon the Defendants and/or their employees, agents, subcontractors and workmen.

29. The Defendants, by and through their conduct set forth above, breached their contractual obligations by failing to perform their work in a safe and workmanlike manner, with the required degree of skill.

30. As a result of the foregoing breaches, the Defendants caused damage and destruction to the Subject Premises.

31. In accordance with the terms and conditions of the aforementioned policy of insurance, Plaintiff has reimbursed its insured, for the damages that are covered under the Subject Policy and is legally and equitably subrogated to the Plaintiff's Insured's rights of recovery to the extent of the payments.

**WHEREFORE,** the Plaintiff, demands judgment in its favor and against Defendants together with pre-judgment and post-judgment interest, attorney's fees, the cost of this suit and such other relief as this Court deems just and proper.

Dated: New York, New York
March 6, 2018

COZEN O'CONNOR

*Attorneys for Plaintiff*

By: _____
Robert Phelan, Esq. (RP-3825)
45 Broadway, 23rd Floor
New York, New York 10006
(212) 908-1274
